## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| MBLAST, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRAACKR, INC., <br><br> Defendant. | Case No. 2:16-cv-48 <br><br> JURY TRIAL DEMANDED |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff mBLAST, Inc. states its Complaint against Traackr, Inc., and alleges as follows:

### THE PARTIES

1.      Plaintiff mBLAST, Inc. ("Mblast") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1 Broadway, 14th Floor, Cambridge, Massachusetts 02142.

2.      Defendant Traackr is a corporation organized and existing under the laws of Delaware, with its principal place of business at 901 Mission Street, San Francisco, California 94103. Traackr's registered agent is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

### JURISDICTION AND VENUE

3.      Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

4.      This action is for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Personal jurisdiction exists generally over Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over Defendant because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets one or more products and/or services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

6.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), because Defendant has committed acts of infringement in the Eastern District of Texas and has transacted business in the Eastern District of Texas. Further, Plaintiff's Mblast product— discussed in more detail below—was developed, in part, in an office located in Flower Mound, Texas, which is within the Eastern District of Texas. Further, one of the two named inventors of the asserted patents, Paul Pritchard, has his office in Trophy Club, Texas—within the Eastern District of Texas. Mr. Pritchard resides in Southlake, Texas—just minutes from the Eastern District of Texas.

## MBLAST'S ONLINE ADVERTISING OPTIMIZATION
## PRODUCT AND SERVICE

7.     Mblast offers an online product, also called "Mblast," that performs real-time audience optimization for advertisers. The Mblast product, available at mblast.com, identifies individuals declaring an intent online to purchase goods or services, to enable advertisers to target advertisements to those individuals. To do so, Mblast leverages user-generated online content from sources such Facebook and Twitter.

8.      The Mblast product was created and developed primarily by Danny Briere and Paul Pritchard, the named inventors of the asserted patents. The product was initially designed to address the needs of TeleChoice, Inc., a management consultancy that focused on telecommunications and internet technologies. In particular, the Mblast product was designed to enable TeleChoice to better manage its marketing relationships with "influencers" such as individuals and processes at media outlets, event organizers, advisory firms, awards firms, and other similar entities.

9.      Beginning in 2000, Mr. Briere made efforts to protect his invention. U.S. Provisional Application No. 60/230,799, to which the asserted patents claim priority, was filed on September 7, 2000. The continued prosecution of patents relating to the inventions of Mr. Briere and Mr. Pritchard has resulted in five United States Patents, all owned by Mblast. The company continues to prosecute patents to further protect its inventions.

10.      The Mblast product was initially a success. Its marketing relationship management platform offered a range of products designed to make efficient the flow of information between Marketers and Influencers in the market. Mblast grew to support such processes as the Consumer Electronics Association's annual Consumer Electronics Show (CES) Awards process, Network World's Buyer's Guide process, and other workflows and content management. At its height in 2007, Mblast estimates that it had more than 40,000 registered users across almost 20,000 companies in nearly 70 countries worldwide.

11.      Unfortunately, Mblast's hard-earned success has been significantly curtailed by the decision of Defendant and others to offer competing products that infringe Mblast's intellectual property. Although Mblast continues to offer the Mblast product, the company has suffered significant loss of profits due to this infringement.

## COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 8,572,173

12.     Plaintiff realleges and incorporates by reference the above paragraphs of this

Complaint, inclusive, as though fully set forth herein.

13.     Plaintiff is the owner of all right, title, and interest in United States Patent No.

8,572,173, entitled "Method and apparatus for collecting and disseminating information over a

computer network," duly and legally issued by the United States Patent and Trademark Office on

October 29, 2013 (the "'173 patent"). A true and correct copy of the '173 patent is attached

hereto as Exhibit A.

14.     The '173 patent generally describes and claims an apparatus and method for

measuring one or more parties' overall influence within a computer network. The apparatus and

method utilizes a central database and a gateway server with a processor configured to execute a

presentation layer, a retrievers module, and a market presence module. The retrievers module

accesses a computer network and identifies content published by one or more parties. The market

presence module uses keywords to find content published by one or more parties and to

determine the amount of reaction to the content in order to provide a measure of a party's overall

influence within the computer network.

15.     Defendant has infringed and continues to infringe, literally and/or under the

doctrine of equivalents, one or more claims of the '173 patent under 35 U.S.C. § 271 by making,

using, offering to sell, selling, and/or importing into the United States the patented invention

within the United States. Specifically, Defendant has infringed and continues to infringe the '173

patent by making, using, offering to sell, selling, and/or importing into the United States the

Traackr Influencer Marketing Platform.

4

16.     Attached as Exhibit B is a claim chart showing how the Traackr Influencer Marketing Platform infringes claim 1 of the '173 patent. Plaintiff believes it is likely that the Traackr Influencer Marketing Platform infringes other claims of the '173 patent, and will provide additional claim charts in accordance with the Court's Rules of Practice for Patent Cases.

17.     As a result of Defendant's infringing activities with respect to the '173 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendant's infringement of Plaintiff's exclusive rights under the '173 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT TWO

## INFRINGEMENT OF U.S. PATENT NO. 9,047,483

18.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

19.     Plaintiff is the owner of all right, title, and interest in United States Patent No. 9,047,483, entitled "Method and apparatus for collecting and disseminating information over a computer network," duly and legally issued by the United States Patent and Trademark Office on June 2, 2015 (the "'483 patent"). A true and correct copy of the '483 patent is attached hereto as Exhibit C.

20.     The '483 patent generally describes and claims an apparatus and a non-transitory processor-readable medium storing code to cause a processor to access a computer network and identify content published by parties in the computer network and associated with content

published by other parties in the same network. The apparatus and processor are also configured to select a portion of the content, based on a keyword associated with one of the parties, and quantify a degree of presence within the network and associated with a portion of content based on the published content. The apparatus and processor are further configured to quantify an influence value associated with a party based on the degree of presence.

21.    Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '483 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, Defendant has infringed and continues to infringe the '483 patent by making, using, offering to sell, selling, and/or importing into the United States the Traackr Influencer Marketing Platform.

22.    Attached as Exhibit D is a claim chart showing how the Traackr Influencer Marketing Platform infringes claim 1 of the '483 patent. Plaintiff believes it is likely that the Traackr Influencer Marketing Platform infringes other claims of the '483 patent, and will provide additional claim charts in accordance with the Court's Rules of Practice for Patent Cases.

23.    As a result of Defendant's infringing activities with respect to the '483 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendant's infringement of Plaintiff's exclusive rights under the '483 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT THREE

## INFRINGEMENT OF U.S. PATENT NO. 9,047,484

24.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

25.     Plaintiff is the owner of all right, title, and interest in United States Patent No. 9,047,484, entitled "Method and apparatus for collecting and disseminating information over a computer network," duly and legally issued by the United States Patent and Trademark Office on June 2, 2015 (the "'484 patent"). A true and correct copy of the '484 patent is attached hereto as Exhibit E.

26.     The '484 patent generally describes and claims a non-transitory processor-readable medium storing code representing instructions to be executed by a processor. The code is configured to define entity profiles based on entity identifiers within computer networks and content associated with those entity identifiers. The code is also configured to define a relationship between at least two of the entity profiles, using the entity identifiers. The code is further configured to send to a user device a signal representing at least one of the entity profiles or the relationship identifier.

27.     Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '484 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, Defendant has infringed and continues to infringe the '484 patent by making, using, offering to sell, selling, and/or importing into the United States the Traackr Influencer Marketing Platform.

28.     Attached as Exhibit F is a claim chart showing how the Traackr Influencer Marketing Platform infringes claim 1 of the '484 patent. Plaintiff believes it is likely that the Traackr Influencer Marketing Platform infringes other claims of the '484 patent, and will provide additional claim charts in accordance with the Court's Rules of Practice for Patent Cases.

29.     As a result of Defendant's infringing activities with respect to the '484 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendant's infringement of Plaintiff's exclusive rights under the '484 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff requests entry of judgment in its favor against Defendant for the following:

a)     A declaration that Defendant has infringed one or more claims of the patents-in-suit;

b)     An award of damages, including lost profits, adequate to compensate Plaintiff for Defendant's infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs, in an amount according to proof;

c)     An entry of a permanent injunction enjoining Defendant, and its respective officers, agents, employees, and those acting in privity with it, from further infringement of the patents-in-suit, or in the alternative, awarding a royalty for post-judgment infringement; and

d)      An award to Plaintiff of such other costs and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury.

Dated: January 14, 2016                     Respectfully submitted,


                                            */s/ Charles Ainsworth*
                                            Adam J. Gutride, Esq.
                                            Seth A. Safier, Esq.
                                            Todd Kennedy, Esq.
                                            Anthony J. Patek, Esq.
                                            Marie A. McCrary, Esq.
                                            100 Pine Street, Suite 1250
                                            San Francisco, CA 94111
                                            Telephone: (415) 789-6390
                                            Facsimile: (415) 449-6469
                                            adam@gutridesafier.com
                                            seth@gutridesafier.com
                                            todd@gutridesafier.com
                                            anthony@gutridesafier.com
                                            marie@gutridesafier.com

                                            Charles Ainsworth
                                            Parker Bunt & Ainsworth
                                            100 E. Ferguson, Suite 1114
                                            Tyler, Texas 75702
                                            Telephone: (903) 531-3535
                                            Facsimile: (903) 533-9687
                                            charley@pbatyler.com

                                            Attorneys for Plaintiff